```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**JOSEPH CARLOS JONES,**

                       **Plaintiff,**

     v.                                    CASE NO. 06-3084-SAC

**WYANDOTTE COUNTY SHERIFF'S DEPARTMENT, et al.,**

                       **Defendants.**

## O R D E R

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Wyandotte County Detention Center in Kansas City, Kansas.  Plaintiff seeks damages on various claims, including allegations that defendants failed to properly respond to his complaints of serious bleeding, failed to provide appropriate treatment for his medical complaints, and failed to serve plaintiff the high protein and high calorie diet that had been ordered.

Pursuant to enactment of the Prison Litigation Reform Act (PLRA) in April 1996, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  *See also*, <u>Booth v. Churner</u>, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The prisoner bears the burden of sufficiently pleading exhaustion of

administrative remedies under § 1997e(a).  *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).  "Total exhaustion" of administrative remedies on all claims presented in the complaint is required.  Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004).  A prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed.  Id.

In the present case, plaintiff provides copies of sick call requests and inmate communication forms.  Even if these documents could be assumed as representing proper and full exhaustion of administrative remedies at the county facility, the content of this documentation fails to demonstrate sufficient and full exhaustion of remedies on all claims asserted in the complaint.  At best, there is only vague reference to plaintiff's specific claims regarding the substitution of other medication for the medicines prescribed prior to plaintiff's imprisonment.  Also, there is no exhaustion demonstrated on plaintiff's allegations concerning the denial of a specified diet, or that his complaints of serious bleeding were ignored.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice, based on plaintiff's failure to demonstrate compliance with the exhaustion requirement imposed by 42 U.S.C. § 1997e(a).  The failure to file a timely response may result in the complaint being dismissed without prejudice and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 28th day of March 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge